UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TRUSTEES OF THE NEW YORK HOTEL TRADES COUNCIL AND HOTEL ASSOCIATION OF NEW YORK CITY, INC. HEALTH BENEFITS FUND, PENSION FUND, LEGAL FUND, INDUSTRY TRAINING FUND AND SCHOLARSHIP FUND,

                         Petitioners,

    -against-

LUXURBAN HOTELS LLC, CORPHOUSING RSL LLC, and LUXURBAN HOTELS INC. *d/b/a* BeHome by LuxUrban,

                         Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No.  1:25-cv-3153

**AMENDED PETITION TO CONFIRM ARBITRATION AWARD**

       1.       Petitioners TRUSTEES OF THE NEW YORK HOTEL TRADES COUNCIL AND HOTEL ASSOCIATION OF NEW YORK CITY, INC. HEALTH BENEFITS FUND, PENSION FUND, LEGAL FUND, INDUSTRY TRAINING FUND AND SCHOLARSHIP FUND ("Petitioners" or "LuxUrban"), by their attorneys, PITTA LLP, petition this Court to confirm arbitration award #2024-06F duly rendered against Respondents LUXURBAN HOTELS LLC, CORPHOUSING RSL LLC and LUXURBAN HOTELS INC. (collectively, "Respondents" or "Hotel"), by the parties' contractual industry arbitrator on November 7. 2024 (the "Award"). The Award draws its essence from the parties' collective bargaining agreement and its expansive arbitration clause, there are no valid grounds to vacate the Award, and the Employer refuses to comply with the Award.  Accordingly, the Funds allege as follows:

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action to confirm labor arbitration awards pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

3. Venue properly lies in this District because Respondents maintain their place of business in this District, the Award was rendered in this District, and the underlying events giving rise to the Award occurred in this District.

**PARTIES**

4. Petitioners, which maintain offices at 305 West 44th Street, New York, New York 10036, are each "employee benefit plans" as defined in Section 3(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, § 1002(1), are "multiemployer plans" as defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and are organized pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), § 186(c)(5).

5. Respondent LUXURBAN HOTELS LLC is an entity of unknow origin whose state of incorporation is unknown. Upon information and belief, it has an address at 2125 Biscayne Boulevard, Suite 253, Miami, FL 33137, and is the alter ego of LUXURBAN HOTELS INC.

6. Respondent CORPHOUSING RSL LLC is a foreign limited liability company organized and existing under the laws of the State of Delaware, having an address at 2125 Biscayne Boulevard, Suite 253, Miami, FL 33137. Respondent CORPHOUSING RSL LLC manages and operates the hotel BeHome by LuxUrban, 765 8th Avenue, New York, NY 10036.

7. Respondent LUXURBAN HOTELS INC. is a foreign limited liability company organized and existing under the laws of the State of Delaware, having an address at 2125 Biscayne Boulevard, Suite 253, Miami, FL 33137.  Upon information and belief, LUXURBAN HOTELS

INC. is the same entity and/or the alter ego of LUXURBAN HOTELS LLC. Respondent LUXURBAN HOTELS INC. manages and operates the hotel BeHome by LuxUrban, 765 8th Avenue, New York, NY 10036.

8. At all relevant times, Respondents were "employers" under ERISA and the LMRA.

## STATEMENT OF FACTS

9. For decades, the Hotel and Gaming Trades Council, AFL-CIO ("Union") has negotiated the basic terms and conditions of employment for employees who work in the hotel industry in the New York metropolitan area with the Hotel Association of New York City, Inc. ("Hotel Association"), through successive collective bargaining agreements known as the Industry Wide Agreement ("IWA"). Attached hereto, made a part hereof and marked here as **Exhibit A** is the IWA.

10. The IWA, which was effective from July 1, 2012 through June 30, 2019, was extended by a Memorandum of Understanding ("MOU") between the Union and the Hotel Association through June 30, 2026. Attached hereto, made a part hereof and marked here as **Exhibit B** is the MOU.

11. Through a Memorandum of Understanding dated March 27, 2024, Respondents agreed to assume, adopt, be bound by "all of the terms, both economic and non-economic, of the IWA and those agreements and practices supplementing the IWA." ("Assumption Agreement"). Attached hereto, made a part hereof and marked here is **Exhibit C** is the Assumption Agreement.

12. LUXURBAN HOTELS LLC, signatory to the Assumption Agreement, is not registered as limited liability in in the States of New York, Delaware or Florida, nor is it listed in any of filings of LUXURBAN HOTELS INC. with the United States Security and Exchange Commission. Upon information and belief, LuxUrban Hotels Inc. uses the name LuxUrban Hotels

LLC but LuxUrban Hotels has never complied with any corporate formalities and is merely a name used by LuxUrban Hotels Inc. to sign documents.

13. The Assumption Agreement was signed by Brandon Elster, who is now and at all relevant times has been, the Chief Development Officer of LUXURBAN HOTELS INC..

14. Upon information and belief, LUXURBAN HOTELS INC. wholly owns and operates CORPHOUSING RSL LLC.

15. LUXURBAN HOTELS INC as the operator and manager of BeHome by LuxUrban and the alter ego of LUXURBAN HOTELS LLC is bound to the IWA under the Assumption agreement.

16. Respondents remain bound by the IWA.

17. The IWA requires Respondents to make monthly contributions to the Funds at prescribed rates and amounts on behalf of employees covered by the IWA. Ex. A, Schedule B at 87-92, Ex. B at ¶¶ 4-7.

18. Respondents are also bound by all of the terms and conditions of the Funds' various trust agreements and declarations of trust, including audit guidelines and collection procedures promulgated by the Trustees of the Funds ("Collection Procedures"). Attached hereto, made a part hereof and marked here is **Exhibit D** are the Collection Procedures.

19. The IWA provides for final and binding arbitration of any and all grievances or disputes which arise with respect to the interpretation and application of any of the provisions of the IWA.

20. Specifically, Article 26 of the IWA, in relevant part, provides as follows:

> All complaints, disputes or grievances arising between the parties hereto involving questions or interpretation or application of any clause of this Agreement, or any acts, conduct or relations between the parties, directly or indirectly, which shall not have been adjusted

> by and between the parties involved shall be referred to a permanent umpire(s) to be known as the Impartial Chairperson, and his/her decision shall be final and binding upon the parties hereto.

Ex. A at 27. *See also*, Ex. A, Schedule B at p. 92 ("If the Trustees shall complain that any EMPLOYER has not made full payment of contributions to the Trustees of any of the foregoing Funds, such complaint shall be filed with the Impartial Chairperson named in the Collective Bargaining Agreement, and the Impartial Chairperson shall make the necessary findings and award, and his/her decision shall be final and binding on the parties.")

21. The IWA grants the Impartial Chairperson the authority to order payment of delinquent contributions to the Funds, as well as audit fees, accounting fees, interest, liquidated damages in the amount of 20% of the amount of the delinquency, attorneys fees and costs. The collection procedures implemented by the Trustees additionally provide for the imposition of late fees of up to 10%. Ex. D at 5-6.

22. Respondents failed to make timely monthly benefit fund contribution payments to the Funds for the covered employees at the BeHome by LuxUrban as required by the IWA and thereby became indebted to the Funds for the delinquent benefit fund contributions.

23. On September 9, 2024, by email, in the manner prescribed by the IWA, to the Impartial Chairperson, with copies to Respondents, via email to Respondents' Human Resource Director and Brandon Elster, Chief Development Officer of Respondents, the Funds submitted a Demand for Arbitration in Case No. F24-9-2, pursuant to the IWA's arbitration provisions. The Demand alleged the issues to be arbitrated as:

> Whether the Employer failed to render proper contribution reports and timely remittances to the New York Hotel Trades Council and Hotel Association of New York City, Inc. Health Benefits Fund, Pension Fund, Legal Fund, Industry Training Fund, and Scholarship Fund for the months of April 2024 to August 2024 and continuing up to and including the date of any hearing in this matter, upon

>which amount has accrued (and continues to accrue) interest at two percent (2%) above prime per annum; and if so, what shall be the remedy?

Attached hereto, made a part hereof and marked here as **Exhibit E** is a copy of the Demand for Arbitration in Case No. F24-9-2.

24. Further, the Demand should the matter proceed to arbitration, the Funds will "seek from the employer liquidated damages in the amount of 20% of the principal contribution amount, late fees, legal fees of a minimum of $1,500 and $1,500 for the cost incurred by bringing this matter to arbitration." Ex. E.

25. On September 23, 2024, Respondents and the Funds were duly notified via email from the Impartial Chairperson, pursuant to the IWA, that an arbitration hearing would be held on October 8, 2024 at the Office of the Impartial Chairperson located at 321 West 44th Street, New York, NY 10036. Attached hereto, made a part hereof and marked here as **Exhibit F** is a copy of the September 23, 2024 hearing notice.

26. On October 8, 2024, the arbitration hearing was held on the Fund's demand in Case No. F24-9-2 before Impartial Chairperson Alvin Blyer ("IC Blyer") at his offices. The Funds appeared by Pitta LLP and Kenneth J. Anderson, Jr., Accounts Receivable Manager. Though duly notified, Respondents did not appear. The Respondents did not notify the Office of the Impartial Chairperson, the Funds, or Pitta LLP to request an adjournment nor contact them to explain their absence.

27. IC Blyer, having examined all of the evidence, proofs and documents submitted, and after due deliberation, issued Award #2024-33F in writing on November 7, 2024 ( "Award"). Attached hereto, made a part hereof and marked here as **Exhibit G** is a copy of the Award.

28. That the Impartial Chairperson determined the following sums to be due and owing to the Funds for the period from April, 2024 to and through August, 2024:

| | |
|---|---:|
| New York Hotel Trades Council and Hotel Association of New York City Health Benefits Fund | $126,721.90 |
| New York Hotel Trades Council and Hotel Association of New York City Pension Fund | $28,612.36 |
| New York Hotel Trades Council and Hotel Association of New York City Legal Fund | $1,609.18 |
| New York Hotel Trades Council and Hotel Association of New York City Industry Training Fund | $725.87 |
| New York Hotel Trades Council and Hotel Association of New York City Scholarship Fund | $697.24 |

Ex. F.

29. IC Blyer determined that the sum of $158,366.55 is due and immediately payable to the Funds, inclusive of interest, late fees, liquidated damages, attorney's fees and arbitrator fees. Ex. F.

30. A copy of the Award was emailed to Respondents and Funds on November 7, 2024. Attached hereto, made a part hereof and marked here as **Exhibit H** is a copy of the email containing the Award.

## STATEMENT OF CLAIM FOR RELIEF

31. As of the date of this Petition, Respondents have failed and refused to comply with the Award #2024-33F and have not paid any of the amounts determined to be due and owing to the Funds as awarded by the Impartial Chairperson.

7

32. That the Award has not been vacated by order of any court of competent jurisdiction and is still in full force and effect.

33. The Award draws its essence from the IWA.

34. There is no basis in law, fact, or equity to vacate the Award.

35. That no prior application for the relief requested herein has been made to this or any other court or judge.

**WHEREFORE**, your Petitioners respectfully request an Order be made and entered:

a) Confirming Award #2024-33F of Impartial Chairperson Alvin Blyer, dated and affirmed on March 8, 2024; and

b) Directing judgment to be entered thereon in favor of Petitioners for the sums awarded therein in the total amount of $158,365.55 together with interest thereon from the date of the Award; and

c) Granting Petitioners their costs and disbursements herein; and

d) Granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       May 27, 2025

Respectfully submitted,

PITTA LLP
*Attorneys for Petitioners*

By  /s/ *Trevor Hanrahan*
    Trevor Hanrahan
    (thanrahan@pittalaw.com)
    Jane Lauer Barker
    (jbarker@pittalaw.com)
    120 Broadway; 28th Floor
    New York, NY  10271
    Telephone:  212-652-3890
    Facsimile:  212-652-3891